UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN L. LINDSEY,

    Petitioner,

    v.                      CAUSE NO.: 3:23-CV-740-TLS-APR

WARDEN,

    Respondent.

**OPINION AND ORDER**

    Steven L. Lindsey, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for murder under Case No. 64D02-1502-MR-1173. Following a jury trial, on April 8, 2016, the Porter County, Indiana, Superior Court sentenced him to fifty-five years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

    Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025–26. According to the petition, Lindsey has completed the direct appeal process, but his post-conviction proceedings remain pending before the Porter Superior Court. The habeas petition thus contains both claims raised by Lindsey on direct appeal, which are exhausted, and raised in the post-conviction petition, which appear to be unexhausted.

Federal courts are not permitted to adjudicate a mixed petition containing both exhausted and unexhausted claims because the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). This is "because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id*. at 274 (citation and internal quotation marks omitted).

Here, some of Lindsey's claims are unexhausted in the sense that he has not presented the claims raised in his post-conviction petition to either level of the Indiana appellate courts. However, in a separate motion, *see* ECF No. 4, Lindsey argues that his claims are exhausted based on 28 U.S.C. § 2254(b)(1)(B)(ii), which allows habeas petitioners to forgo the traditional exhaustion requirement if "circumstances exist that render such process ineffective to protect the rights of the applicant." He argues that the Porter Superior Court has unreasonably delayed his post-conviction proceedings and has neglected his filings.

"An inordinate delay may render a state court process ineffective." *Jackson v. Lawrence*, No. 20-1081-MMM, 2020 WL 5550385, at *4 (C.D. Ill. Sept. 16, 2020) (citing *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 2004)). The Seventh Circuit has found delays of seventeen months and three and a half years to be inordinate. *Lowe*, 663 F.2d at 43 (citing *Madyun v. Thompson*, 657 F. 2d 868, 872 (7th Cir. 1981)). However, the inordinate delay must be attributable to the State to serve as an excuse to the traditional exhaustion requirement. *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).

The Court has reviewed the electronic docket for Lindsey's post-conviction proceedings in cause number 64D02-1902-PC-001468.[1] On February 13, 2019, he initiated post-conviction

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

proceedings by filing a petition. On April 30, 2019, the State filed an answer to the petition. Four months later, on August 19, 2019, Lindsey filed several motions, including a motion to set a hearing. On November 14, 2019, he filed a motion seeking the status of the rulings on the prior motions. On December 7, 2019, the Porter Superior Court appointed a public defender. On February 19, 2021, Lindsey moved to removed appointed counsel, which the court granted on April 6, 2021. Ten months later, on December 14, 2021, Lindsey filed a motion for leave to amend the petition, and, on January 19, 2022, he filed a motion for discovery. The Porter Superior Court forwarded the amended petition to the prosecutor but did not otherwise act on these motions. On July 8, 2022, the State filed an answer to the amended petition and submitted discovery on August 2, 2022. On September 12, 2022, Lindsey filed answers to the State's interrogatories and objections to the State's requests for production.

The Court observes that the post-conviction case has now been pending for three and a half years. However, based on review of the state court docket, there appear to be reasonable explanations for substantial portions of this delay. To start, Lindsey did not file any motions to move his case forward for six months after he filed the petition. Shortly after he filed such motions, the Court appointed a public defender to his case and may have reasonably deemed the motions moot. *See Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000) ("But once counsel was appointed, Defendant spoke to the court through counsel. The trial court was not required to respond to Defendant's request or objection."). Following the motion to remove the public defendant as counsel, Lindsey did not submit any filings for ten months when he filed the motion to amend the petition; one month later, he filed a motion for discovery. Six months later, in July 2022, the State responded to the amended petition and began to participate in discovery. No action has taken place in the post-conviction case since Lindsey filed answers and objections to

3

the State's discovery responses one year ago. The Court recognizes that the national emergency in place for the COVID-19 pandemic from March 13, 2020, through May 11, 2023, may have also impacted his petition.

      Lindsey suggests that the state corrective process is unavailable because the Porter Superior Court has neglected his objections to the State's discovery requests and has allowed them to remain pending for a year. He also complains that the state court rejected his attempt to file discovery responses and that he had to deliver them to opposing counsel at substantial expense to himself.

      Review of the state discovery rules strongly suggests that Lindsey misunderstands the procedure for conducting discovery. Similar to the federal discovery rules, the Indiana Rules of Trial Procedure contemplate that: (1) a party will serve discovery requests on the opposing parties; (2) the opposing party with serve discovery responses and objections on the requesting party; (3) the parties will try to resolve any discovery disputes through informal means; and (4) the court will resolve discovery disputes only when the requesting party files a motion to compel or when the opposing party files a motion for a protective order. *See* Ind. R. Trial P. 26; Ind. R. Trial P. 33; Ind. R. Trial P. 34; Ind. R. Trial P. 37; *see also* Ind. R. Post-Conviction Remedies 5 (providing that "[a]ll rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties"). Likewise, "[t]he petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial," Ind. R. Post-Conviction Remedies 4(c), so Lindsey was not required to file a motion to amend the petition. Moreover, once received, the Porter Superior Court forwarded the amended petition to the prosecutor to facilitate the filing of an answer. Consequently, the state court docket suggests that the Porter Superior Court declined to rule on

the discovery objections, discovery motion, and the motion to amend pursuant to applicable rules.

To summarize, review of the state court docket reflects that, while the Porter Superior Court has declined to address some of Lindsey's filings, it had reasonable bases to do so. Further, Lindsey has not filed a proper motion in his post-conviction case since February 2021 when he filed the motion to remove the public defender, which the Porter Superior Court granted within two months. When Lindsey filed his first set of motions, the Porter Superior Court responded three months later by appointing counsel. The Porter Superior Court also responded to the motion to amend by forwarding a copy of the amended petition to the prosecutor on the date it was received. And, based on the state court docket, the Porter Superior Court could reasonably believe that the parties remained engaged in discovery and investigation and that there were no pending matters beyond the eventual disposition of the post-conviction petition.

While the Porter Superior Court could implement more aggressive case management procedures and could also offer more guidance to Lindsey, it does not appear that the Porter Superior Court has neglected his post-conviction case. Significantly, Lindsey, as the party seeking relief, bears the primary responsibility for moving the case forward by filing timely and appropriate motions. *See* Ind. R. Post-Conviction Remedies § 5 (The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence.). He has not done so for two and a half years. Consequently, the Court cannot find that the three-and-a-half year delay is primarily attributable to the State or that the state corrective process is unavailable to Lindsey. The claims raised on post-conviction review remain unexhausted.

Because the Court cannot rule on the habeas petition as it stands, Lindsey must inform the Court as to how he wants to proceed. Lindsey could file an amended petition omitting the

unexhausted claims, which would allow the Court to consider whether the remaining exhausted claims entitle him to habeas relief. However, this option risks forfeiting the chance to ever raise any other claims in a federal habeas petition. If he chooses to continue with this case by filing an amended petition, he will not be able to file another habeas corpus petition challenging this conviction unless he receives authorization from the United States Court of Appeals for the Seventh Circuit, which may be granted only under narrow circumstances. *See* 28 U.S.C. § 2244(b).

      Alternatively, Lindsey could file a voluntary motion to dismiss without prejudice, exhaust his post-conviction claims in state court, and later seek federal review on all his habeas claims at the conclusion of state post-conviction proceedings. Though a stay may be appropriate in some cases, it is not necessary when the petitioner will have ample time to file a timely federal habeas petition following the conclusion of state post-conviction proceedings. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The statute of limitations requires Lindsey to file his federal habeas petition within one year after his conviction becomes final, but a properly filed petition for post-conviction relief tolls this one-year limitations period. *See* 28 U.S.C. § 2244(d). Here, 288 days have elapsed between the date when Lindsey's conviction became final on May 1, 2018, and the date when he initiated post-conviction proceedings on February 13, 2019. The remaining limitations period consists of 77 days and will not run until the conclusion of these proceedings. Therefore, Lindsey will have ample time to return to this court after he exhausts his post-conviction claims in state court, so a stay is not appropriate for this case. As a result, Lindsey's options are limited to amending the petition or dismissing this case.

## CONCLUSION

For these reasons, the Court:

(1) DENIES the motion to forego state remedies [ECF No. 4];

(2) GRANTS Steven L. Lindsey up to and including September 29, 2023, to file an amended petition or a motion to dismiss consistent with this order; and

(3) CAUTIONS Steven L. Lindsey that, if he does not respond by this deadline, this case will be dismissed without further notice.

SO ORDERED on September 1, 2023.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT